**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Angel Gonzalez, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:25-cv-07817 |
| GigNet, Inc., | ) | |
| Defendant. | ) | |

**GIGNET, INC.'S MOTION TO STAY PROCEEDINGS AND
<u>FOR LEAVE TO WITHDRAW AS COUNSEL</u>**

Pursuant to Rule 83.17 of the Local Rules of the United States District Court for the Northern District of Illinois, counsel of record for Defendant GigNet, Inc. ("Defendant") respectfully requests this court to grant leave for to withdraw as counsel to Hayes Ryan, Britanny Jocius, and their firm Gordon Rees Scully Mansukhani, LLP ("Defense Counsel"), and grant an order for a stay in proceedings to allow Defense Counsel to withdraw and Defendant time for new attorneys of record to appear. In support of this combined motion, state as follows:

1. Rule 83.50 of the Local Rule of the United States District Court for the Northern District of Illinois states "[a]pplicable disciplinary rules are the Model Rules adopted by the American Bar Association." As such, Defense Counsel submits the leave to withdraw as counsel portion of the combined motion under Model Rule of Professional Conduct 1.16(b).

2. Rule 1.16(b) holds, in pertinent part, that a lawyer may withdraw from representing a client if: withdrawal can be accomplished without material adverse effect on the interests of the client; the client insists upon taking action with which the lawyer has a fundamental disagreement; the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; and other good cause for withdrawal exists. *See* Model Rules of Pro. Conduct R. 1.16(b)(1), (4), (5), and (7)

(A.B.A. 2025).

3. The case is currently in the discovery phase of litigation, with Defendant having produced their written discovery on February 13, 2026. It is likely further written discovery will need to be produced from Defendant; however, such discovery will be produced on a rolling basis as received from the Defendant. The fact discovery close date is currently set for March 9, 2026. Further, a joint status report is due on February 23, 2026, to set forth further discovery deadlines, including a potential request for a brief extension of the fact discovery deadline and any other issues parties would like to raise.

4. At this point in the litigation and discovery, withdrawal of Defense Counsel may be accomplished without material adverse effect on Defendant.

5. Further, without divulging communications protected by the attorney-client privilege, there has been a breakdown in communications between the client and Defense Counsel. Certain client obligations have gone unsatisfied, specifically with regard to permitting Defense Counsel to comply with court orders. There also exist irreconcilable differences with regard to objectives and Defense Counsel's ability to provide effective representation as a result. Defense counsel avers that good cause for withdrawal exists. *See* Model Rules of Pro. Conduct R. 1.16(b)(4), (5), and (7) (A.B.A. 2025).

6. The material breakdown in the attorney-client relationship has led to a fundamental disagreement in how to proceed with this case. *See* Model Rules of Pro. Conduct R. 1.16(b)(4) (A.B.A. 2025). Defense Counsel asserts through this motion that they cannot continue their representation because of this fundamental disagreement.

7. Defense Counsel has provided reasonable warnings to the Defendant that they will withdraw unless an agreement could be reached. The steps taken by Defense Counsel were proper and established grounds for withdrawal pursuant to Rule 16(b)(5). Model Rules of Pro. Conduct R.

1.16(b)(5) (A.B.A. 2025). If the Court wishes to examine materials substantiating Defense Counsel's position, counsel is willing to submit certain materials for an *in camera* review.

8. The breakdown in communication and the attorney-client relationship has made representation of the Defendant unreasonably difficult for Defense Counsel. The breakdown itself is enough to establish other good cause for withdrawal pursuant to Rule 1.16(b)(7). *See* Model Rules of Pro. Conduct R. 1.16(b) (7) (A.B.A. 2025).

9. It is roundly recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988) (citations omitted); *see also Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2004).

10. The Seventh Circuit Court of Appeals stresses that the district court's power to stay is "substantial," and it further instructs that, in exercising that power, the district court should strike a balance between the needs for judicial efficiency and the rights of the litigants. A*rthur Pierson & Co. v. Provimi Veal Corp*., 887 F.2d 837, 839 (7th Cir. 1989) (internal citations omitted).

11. Model Rule of Professional Conduct 1.16(d) imposes an obligation upon any withdrawing attorney to "take steps to the extent reasonably practicable to protect a client's interests, such as . . . allowing time for employment of other counsel . . ." Model Rules of Pro. Conduct R. 1.16(d) (A.B.A. 2025).

12. To fulfill their ethical obligation, Defense Counsel respectfully requests that the Court use its substantial power to stay the current proceedings to allow Defendant time to employ other counsel in this matter. Defense Counsel believes that this stay is possible without imposing any undue burden on court, counsel, or the litigants because the case is still in the early stages of discovery. New counsel for the Defendant would be better able to protect and assert their rights.

13. Defense Counsel has met and conferred with Plaintiff's Counsel regarding this combined motion and requests to stay proceedings and withdraw. Plaintiff's Counsel advised that she did not object to the motion to withdraw and a short stay of up to thirty (30) days.

14. Pursuant to Rule 83.17 of the Local Rules of the United States District Court for the Northern District of Illinois, a Notice of Party Contact Information is electronically filed and attached hereto as **Exhibit A**.

15. Accordingly, Hayes Ryan, Britanny Jocius, and their firm Gordon Rees Scully Mansukhani, LLP, respectfully requests this court to grant leave to Defense Counsel to withdraw as counsel of record, and grant an order for a short stay of thirty (30) days to allow Defense Counsel to withdraw, Defendant to retain new attorneys, and for the new attorneys of record to appear.

Dated: February 18, 2026

Respectfully submitted,

*/s/ Hayes Ryan*

J. Hayes Ryan, Esq. (#6274197)
Britanny M. Jocius, Esq. (#6339156)
**GORDON REES SCULLY MANSUKHANI, LLP**
One North Wacker, Suite. 1600
Chicago, IL 60606
Phone: (312) 565-1400
Fax: (312) 565-6511
hayesryan@grsm.com
bjocius@grsm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2026, I electronically filed the foregoing document with the clerk of the court for the United States District Court for the Northern District of Illinois using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/Lynne M. Skalka

11/13/2024

**United States District Court**
**Northern District of Illinois**

**Notification of Party Contact Information**

**Directions**: This form must be attached to a motion to withdraw from a case when no other attorney of record has been noted on the docket. A completed form must be electronically filed as an attachment to the motion to withdraw. The address and telephone number of your client must be completed on this form to enable the Court to contact your client in the future if the motion to withdraw is granted.

**Case Number**: 1:25-cv-07817

**Case Title**: Angel Gonzalez v. GigNet, Inc.

**Judge**: Hon. M. David Weisman

**Name of Attorney submitting the motion to withdraw**:

Hayes Ryan and Britanny Jocius both of Gordon Rees Scully Mansukhani, LLP.

**Name of Client**:

GigNet, Inc.

**Mailing address of Client**:

**City:** Wilmington **State:** Deleware

**Zip:** 19801 **Telephone Number:** 847-975-4000; 707-324-9601

**Email address of Client:** emooney@gignetinc.com; pmoore@gignetinc.com; pmagiera

**I attest that the above information is true and correct to the best of my knowledge.**

**Signed:** Britanny Jocius

**Date:** February 18, 2026